## John A. Merritt vs. Horace Bartholick.

Where a bond and mortgage are executed simultaneously, the bond is the principal debt, and the mortgage only the incident, or collateral to it. And the assignment of the incident will not draw after it the principal.

The assignment of a mortgage, without the accompanying bond, whether by writing or parol, and as collateral, or otherwise, is a nullity, and the assignee acquires no interest; especially as against a subsequent assignee of both the bond and mortgage.

The delivery of a mortgage, without the bond, by the holder, to another, to hold as collateral security for a debt, gives the creditor no interest in the mortgage.

A parol assignment of a mortgage, and the delivery of the instrument, to secure the payment of a loan, will not carry with it the bond also; nor will it operate as conclusive evidence of an intention to pass the bond.

The fact that the mortgagee retained the bond in his own possession, and delivered only the mortgage, and subsequently assigned the bond and mortgage, both, in writing, to another, clearly evinces an intention not to pass the bond at the time of the delivery of the mortgage.

APPEAL from a judgment entered upon the report of a referee. The action was brought to foreclose a mortgage, given by Roswell Jeffrey and wife to to P. G. Merritt, dated April 26, 1851, to secure the payment of $554 and interest. A bond accompanied the mortgage, bearing even date therewith, and in the penal sum of $1108, conditioned to pay the sum of $554 on the 26th of April, 1856, with annual interest. The complaint alleged that prior to the 16th day of May, 1863, Merritt, the mortgagee, assigned said bond and mortgage to John Campbell; that on that day Campbell duly assigned the same to the plaintiff, who is now the legal holder and owner thereof. Judgment for foreclosure, and for the sale of the mortgaged premises, was demanded.

The action was referred to a referee, to hear and decide the same, who found as facts, that the bond and mortgage were executed and delivered, as alleged in the complaint. That on the 16th day of July, 1853, or shortly thereafter, the same were assigned by the obligee and mortgagee therein named, Philander G. Merritt, to John Campbell, by assignment in writing, which was duly acknowledged and recorded in Mon-

roe county clerk's office, on the 6th day of August, 1853, and that the same was assigned by said Campbell to the plaintiff, on the 16th day of May, 1863; that nothing has been paid on said mortgage, or applicable to the discharge of the same, except as hereinafter stated, and that the whole amount thereon is due and unpaid. That prior to the assignment of said bond and mortgage to said Campbell, the mortgagee, Philander G. Merritt, was indebted to Henry T. Wentworth in the sum of $200, borrowed money; that Wentworth desired that said mortgage should be left with him as collateral security for the debt, and that the said Merritt delivered the mortgage to Wentworth, according to such request, and as collateral security for said debt of $200; that the mortgage was so delivered to the said Wentworth before the same was assigned to Campbell, but that the bond accompanying the same was not delivered to said Wentworth at the time, nor was any thing said about the same at the time, nor in connection with the delivery of said mortgage, nor is there any evidence that the same was ever delivered to said Wentworth, nor was there any writing executed in reference to such transfer. That it was not intended or designed, by the parties to such arrangement, to extinguish the mortgage, and that the same was not extinguished, unless such is the legal effect of the transaction above stated. That Merritt afterwards executed and delivered a formal assignment in writing to Wentworth, but that the same was not delivered until after the assignment to Campbell, and was never recorded; that on the 22d day of August, 1856, Wentworth caused a notice of the foreclosure of said mortgage, and sale of said premises, of which a copy is set forth in the answer of the defendant, Bartholick, to be published; that said notice was duly published according to law, and afterwards, and on the 20th day of December, 1856, the premises were sold in pursuance of such notice and adjournment of such sale, to the defendant, Bartholick, who paid ten per cent of the amount bid, the sum bid being $555; that proceedings to perfect said sale were stayed by an injunc-

tion issued out of this court, and that the same was never completed; that while said foreclosure proceedings were pending, and for the purpose of procuring an adjournment of the sale, there was likewise paid to the attorney for Wentworth $100, which would operate as a payment upon said mortgage, after satisfying the costs of such adjournment, if the mortgage was duly transferred to Wentworth. That the amount due on said mortgage, of principal and interest, at the date of the report, was the sum of one thousand one hundred and nine dollars and seventeen cents.

Upon these facts the referee, found as conclusions of law:

First. That the attempted transfer of the said mortgage, by Philander G. Merritt, to Henry T. Wentworth, which took place before the assignment, was a nullity.

Second. That the assignment of said bond and mortgage by Merritt to Campbell, passed the title thereto.

Third. That the assignment in writing by Merritt to Wentworth transferred no interest in said bond and mortgage, because the same had already been transferred to Campbell.

Fourth. That the mortgage had not been extinguished.

Fifth. That the payments were not applicable on the bond and mortgage, neither said Wentworth nor his attorney having any right to receive the same.

Sixth. That said foreclosure proceedings were inoperative, Wentworth having no title to the bond and mortgage.

Lastly. That the plaintiff was entitled to the usual judgment of foreclosure of said mortgage, and sale of the mortgaged premises, with costs, and judgment against the defendant, Roswell Jeffrey, for the deficiency arising from such sale, if any.

To which decision the defendant excepted.

From the judgment entered upon this report, the defendant, Bartholic, appealed.

*J. C. Cochrane,* for the appellant.

*J. Van Voorhies, Jr.* for the respondent.

Merritt *v.* Bartholick.

*By the Court,* JOHNSON, J.   The case of *Cooper* v. *King* (17 *Abb.* 342,) decided in this district, covers this case completely, and is decisive of it, unless we are prepared to overrule that decision.   This we shall not do.   The delivery of the mortgage to Wentworth, without the bond, to hold as security for the $200, gave him no interest in it.   The assignment of a mortgage without the accompanying bond, whether 'by writing or parol, and as collateral or otherwise, is a nullity, and the assignee acquires no interest; especially as against a subsequent asssignee of both the bond and mortgage.   It is claimed on the part of the defendants, that the assignment by parol, of the mortgage to Wentworth, and its delivery to secure the payment of the borrowed money, carried with it the bond also, unless the latter was expressly reserved.   But such is not the rule in this state.   The bond is the principal debt, and the mortgage but the incident or collateral to it; and it was never held that the assignment of the incident or collateral drew after it the principal.   It has been repeatedly held that the assignment of the bond or note, being the principal debt, would draw after it the mortgage, and operate as an assignment of that, also.   It is also claimed that the delivery of the mortgage as a security for a debt, is conclusive evidence of an intention to pass the bond also.   But this does not follow.   The fact that the obligee retained it in his own possession, and delivered only the mortgage, and subsequently assigned the bond and mortgage both, in writing, to another, clearly evinces a contrary intention from that claimed.

The judgment must therefore be affirmed, with costs.

[MONROE GENERAL TERM, March 5, 1866.   *Welles, E. D. Smith* and *Johnson,* Justices.]